IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMA PLASTIC INDUSTRY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) C.A. No. _____ |
| L.P. BROWN COMPANY, INC., | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

Plaintiff Tama Plastic Industry ("TAMA"), by its undersigned attorneys, as and for its complaint against L.P. Brown Company, Inc. ("BROWNCO"), hereby alleges as follows:

### NATURE OF THE SUIT

1. This is an action charging defendant with threatened and actual infringement of TAMA's U.S. Patent No. 6,787,209 ("the '209 Patent"). A true and correct copy of the '209 Patent is attached hereto as Exhibit A. The '209 Patent is directed to wrapping material with a Z-lock system®. TAMA's products sold under the '209 Patent include products used in wrapping cotton that is picked by cotton picking machines.

2. In the first count, TAMA charges BROWNCO with infringement of its '209 Patent. On information and belief, BROWNCO has conducted and is currently conducting acts that constitute infringement of TAMA's '209 Patent, within the meaning of 35 U.S.C. §271, such acts including BROWNCO having made, used, offered for sale, sold, or imported a wrapping product that corresponds to or is substantially the same as the product marked with the name "AgriWrap."

3. In the second count, TAMA seeks in the alternative a declaratory judgment that BROWNCO has threatened patent infringement by undertaking tangible, substantial, and public

acts, including manufacturing, displaying and distributing a wrapping product bearing the name "AgriWrap" that demonstrates a commitment and expectation that BROWNCO in the immediate future will be marketing, offering for sale, and selling such a wrapping product in the United States, and that BROWNCO is unwilling to change the course of its actions and avoid infringement. The second count is presented in the alternative, in the event BROWNCO's acts as of the filing of this complaint are deemed only preparatory of the acts of actual infringement.

4. TAMA seeks injunctive relief to enjoin BROWNCO from further infringement and monetary damages.

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

6. Plaintiff Tama Plastic Industry ("TAMA") is a partnership registered in the State of Israel, having its principal place of business at Kibbutz Mishmar Ha'Emek 19236 Israel.

7. Upon information and belief, Defendant L.P. Brown Company, Inc. ("BROWNCO") is a corporation of the State of Delaware with a place of business at 6060 Primacy Parkway, Suite 454, Memphis Tennessee 38119-5770, in addition to other locations in various states. Upon information and belief, BROWNCO is also known as or doing business as "Brownco" and International Fiber Packaging Co., which are also located at the above address, the latter maintaining the website www.ifpco.com. Upon information and belief, among the additional addresses BROWNCO identifies is 809 East Bodley Avenue, Memphis, Tennessee 38106-7614.

8. BROWNCO has purposely availed itself of the privilege of acting in the State of Delaware, *inter alia,* by being incorporated in Delaware and designating an agent to receive service of process in Delaware, and is subject to the jurisdiction of this Court.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

10. TAMA, a partnership established in the State of Israel in 1958, is an innovator, manufacturer, and marketer of specialized packaging and protective products especially for the agriculture industry. TAMA's innovations have been recognized by the grant of patents throughout the world and its products are marketed and sold worldwide.

11. One of TAMA's product lines is wraps for round modules of cotton, marketed under the name RMW®. Tama's RMW® product information is illustrated in Exhibit B. TAMA's RMW® wrap is the leading bale wrap for machine baling of cotton in the United States and in numerous foreign countries. One of the innovative features of TAMA's RMW® wrap is that it is a wrapping material having the Z-Lock® system, which is protected by the '209 Patent, among others. RMW® wraps are marked with the number for the '209 Patent, among others.

12. On information and belief, on or about August 3, 2011, several of BROWNCO's executives including Robert Cohen, Charlie Jackson and Doyle Needham participated in a telephone conference with members of TAMA's management to discuss the possibility of BROWNCO becoming TAMA's U.S. distributor of the RMW® wrap. During that telephone conference, TAMA explained to BROWNCO's executives the history behind the development of the RMW® wrap and that the wrap including the Z-Lock® system was protected by a U.S. patent granted to TAMA which is marked on the RMW® wrap product. No agreement was

reached as a result of these conversations. The BROWNCO representatives demonstrated a familiarity with Tama's RMW® product, which is marked with the '209 Patent. On information and belief, as of the date of the telephone conference, BROWNCO had knowledge of TAMA's '209 Patent.

13. BROWNCO has manufactured, promoted and distributed wrapping products for baling cotton that utilize TAMA's Z-Lock® technology and, on information and belief, BROWNCO has and intends to make, use, market, offer for sale, sell, or import such in the United States wrapping products, including products under the name AgriWrap. Attached as Exhibit C are photographs illustrating BROWNCO's wrapping product distributed under the name "AgriWrap."

14. Upon information and belief, BROWNCO promotes, markets and offers for sale products in many states, including this jurisdiction.

## THE PATENT-IN-SUIT

15. On September 7, 2004, U.S. Patent No. 6,787,209, titled "WRAPPING MATERIAL WITH A Z-LOCK SYSTEM AND METHODS OF MAKING AND USING THE SAME" (Exhibit A), was duly and lawfully issued naming Nissim Mass, Tsafrir Loir, Yair Efrati, Ilan Asis and Hagai Paz, all of Kibbutz Mishmar HaEmek, Israel as joint inventors

16. TAMA is the owner by assignment of all right, title, and interest in and to the '209 Patent, pursuant to an Assignment recorded in the U.S. Patent and Trademark Office at Reel 014234, Frame 0850 on July 2, 2003, and Tama has the right to bring this action and the right to recover damages and obtain other relief for infringement of the '209 Patent.

17. TAMA has complied with the statutory requirement under 35 U.S.C. § 287(a) of placing a notice of the '209 Patent on products in the United States that are covered by the '209 Patent, including the RMW® wrap product line.

## COUNT I
## PATENT INFRINGEMENT

18. Each of the foregoing allegations is incorporated by reference as though fully set forth at length and reproduced herein.

19. Upon information and belief, BROWNCO manufactures, uses, distributes to others to use, offers for sale, imports, or sells bale wrap products for wrapping bales of agricultural products such as cotton, that are the same as or substantially the same as the product heretofore distributed by BROWNCO under the name AgriWrap. *See, e.g.*, Exhibit C.

20. TAMA has obtained a roll of the wrapping product bearing the name AgriWrap and which indicates its source being BROWNCO.

21. The BROWNCO wrapping product marked with the name "AgriWrap" comprises at least first and second wrapping portions and at least one Z-lock portion. The "AgriWrap" wrapping product is covered by one or more claims of the '209 Patent. Upon information and belief, the "AgriWrap" product originating from BROWNCO has been introduced by BROWNCO into the marketplace in direct competition with products originating from TAMA and sold in the United States and marked with the '209 Patent.

22. On information and belief, BROWNCO markets and promotes its AgriWrap product through sales associates and/or distributors.

23. BROWNCO has directly infringed the '209 Patent by making, using, offering for sale, selling, or importing in the United States products under the name "AgriWrap," which infringe at least claim 1 of the '209 Patent.

24. At least in view of the telephone conversation in or about August 2011, between TAMA and BROWNCO executive personnel regarding the RMW® wrap, during which TAMA informed BROWNCO executives of its patent covering its RMW® product and the Z-Lock® system, and further in view of TAMA's marking of the RMW® wrap product with the '209 Patent, a product with which BROWNCO executives had familiarity, BROWNCO's infringement of the '209 Patent has been willful and intentional.

25. At least in view of the conversation in or about August 2011, between TAMA and BROWNCO executive personnel regarding the RMW® wrap, during which TAMA informed BROWNCO executives of the '209 Patent covering its RMW® product and the Z-Lock® system, and further in view of TAMA's marking of the RMW® wrap product with the '209 Patent, a product with which BROWNCO executives had familiarity, BROWNCO has actively induced others, namely, retailers, farmers, and ultimate purchasers of BROWNCO'S AgriWrap products, and products substantially the same as those products, to use said bale wrap products accused of infringement in the wrapping of agricultural products and thus causing others to directly infringe the '209 Patent.

26. At least in view of the conversation in or about August 2011, between TAMA and BROWNCO executive personnel regarding the RMW® wrap, during which TAMA informed BROWNCO executives of the '209 Patent covering its RMW® product and the Z-Lock® system therein, and further in view of TAMA's marking of the RMW® wrap product with the '209 Patent, a product with which BROWNCO executives had familiarity, upon information and belief, BROWNCO has actively induced others; namely, one or more manufacturers or suppliers to make and supply for sale or resale, the bale wrap products accused of infringement, said active inducement of infringement of the '209 Patent being under 35 U.S.C.

6

§ 271(b). BROWNCO has done so with specific intent to induce others to infringe the '209 Patent.

27. At least in view of the conversation in or about August 2011, between TAMA and BROWNCO executive personnel regarding the RMW® wrap, during which TAMA informed BROWNCO executives of the '209 Patent covering its RMW® product and the Z-Lock® system therein, and further in view of TAMA's marking of the RMW® wrap product with the '209 Patent, a product with which BROWNCO executives had familiarity, upon information and belief, by making, using, offering for sale, selling, or importing into the United States products under the name AgriWrap, and products substantially the same as those products, BROWNCO is a contributory infringer of the '209 Patent under 35 U.S.C. §271(c). The AgriWrap products have no substantial non-infringing use.

28. TAMA has been damaged by BROWNCO's acts of infringement as aforesaid in an amount which has not yet been ascertained.

29. Upon information and belief, BROWNCO's acts of infringement will continue unless enjoined by this Court. TAMA has no adequate remedy at law.

## COUNT II
## DECLARATORY JUDGMENT OF THREATENED PATENT INFRINGEMENT

30. Each of the foregoing allegations is incorporated by reference as though fully set forth at length and reproduced herein.

31. At the very least, upon information and belief, BROWNCO has engaged in substantial activities directed towards manufacturing, or having manufactured for it, distributing, and promoting for future sale, and is intending to make, use, market, offer for sale and sell a bale wrap product for wrapping bales of agricultural products such as cotton, that corresponds to or is substantially the same as a product previously promoted and distributed by BROWNCO under

the name AgriWrap, and which would infringe at least independent claim 1 of the '209 Patent. *See, e.g.*, Exhibit C.

32. Upon information and belief, BROWNCO has conducted acts that have been at least meaningful preparations to conduct activity constituting an infringement of the '209 Patent. Upon information and belief, BROWNCO is or will imminently be marketing and offering for sale and selling the AgriWrap product or a substantially similar product which is intended to be introduced into the marketplace and to directly compete with products originating from TAMA and which are sold in the United States and marked with the '209 Patent, including TAMA's RMW® wraps.

33. As set forth above in Count I, the AgriWrap product infringes one or more claims of the '209 Patent, and thus its imminent release into the marketplace establishes BROWNCO'S threatened infringement of the '209 Patent.

34. As a consequence of the foregoing, TAMA has suffered and is suffering injuries in fact; namely an invasion of a legally protected interest in the exclusive rights associated with the '209 Patent. Such interest is and continues to be concrete, particularized, and imminent.

35. Therefore, there is a real, immediate, substantial and justiciable controversy between TAMA and BROWNCO regarding such threatened infringement of the '209 Patent by BROWNCO, which interest touches the legal relations of the parties that have adverse legal interests in the validity, enforceability, and infringement of the '209 Patent. Said controversy has at all pertinent times been real and substantial.

36. On information and belief, to the extent it has not already done so, BROWNCO intends to introduce into the United States market a bale wrapping product (e.g., AgriWrap) that will infringe the '209 Patent and directly compete with TAMA's RMW® wrap products.

37. TAMA has undertaken substantial research and development efforts to design, manufacture and commercialize its RMW® wraps, and has obtained protection for its technology discoveries through patent protection, including the '209 Patent.

38. This controversy is amenable to specific relief through a decree of a conclusive character. BROWNCO's proposed product, once in the marketplace, will infringe at least claim 1 of the '209 Patent.

39. TAMA is entitled to a judicial determination that BROWNCO's activities and imminent activities in connection with the manufacture, distribution, use, offer for sale, sale or importation of the wrapping product corresponding to or substantially the same as the product named AgriWrap will infringe at least one claim of the '209 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff TAMA prays for the following relief as to COUNT I for patent infringement:

A. A judgment that BROWNCO has infringed the '209 Patent in violation of 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining BROWNCO, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, from directly infringing, inducing infringement of, and contributorily infringing the '209 Patent;

C. An award to TAMA of its damages pursuant to 35 U.S.C. § 284, including an award of three times the actual damages in view of BROWNCO's willful infringement;

D. An award to TAMA of prejudgment interest, and costs;

E.  A finding that this case is "exceptional," within the meaning of 35 U.S.C. § 285, and an award to TAMA of its reasonable attorneys' fees; and

F.  An award to TAMA of such other and further relief as may be deemed just and proper.

WHEREFORE, plaintiff TAMA prays for the following relief as to COUNT II for declaratory judgment of threatened patent infringement:

A.  A declaration that the acts of BROWNCO with respect to the wrapping product named "AgriWrap" or any wrap substantially the same as that product, threaten to infringe the '209 Patent in violation of 35 U.S.C. § 271;

B.  A preliminary and permanent injunction enjoining BROWNCO, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, from directly infringing, inducing infringement of, and contributorily infringing the '209 Patent;

C.  An award of TAMA's costs;

D.  A declaration this is an exceptional case in favor of TAMA and awarding TAMA reasonable attorney fees pursuant to 35 U.S.C. § 285; and

E.  An award to TAMA of such other and further relief as may be deemed just and proper.

### Jury Demand

Plaintiff TAMA, pursuant to Fed. R. Civ. P. 38(b), hereby demands a trial by a jury on all issues so triable.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        */s/ Jack B. Blumenfeld*

                                        Jack B. Blumenfeld (#1014)
                                        Regina Murphy (#5648)
                                        1201 North Market Street
                                        P.O. Box 1347
                                        Wilmington, DE 19899
                                        (302) 658-9200
                                        jblumenfeld@mnat.com
                                        rmurphy@mnat.com

                                        *Attorneys for Plaintiff*

OF COUNSEL:

Arnold I. Rady
Brian R. Tomkins
LERNER, DAVID, LITTENBERG, KRUMHOLZ
  & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
(908) 654-5000

June 17, 2014