IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMA PLASTIC INDUSTRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-0769 (RGA) |
| | ) |
| L.P. BROWN COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## FINAL JUDGMENT BY CONSENT DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff Tama Plastic Industry ("Tama"), having filed a Complaint in this action charging L.P. Brown Company, Inc. ("Brownco"), with infringement of U.S. Patent No. 6,787,209 ("the '209 Patent"), and whereby Brownco having alleged that it no longer manufactures and sells its wrapping product that is accused of infringement, and

Based upon the Settlement Agreement entered into by Tama and Brownco, attached hereto as Exhibit 1, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over the parties and subject matter of this action based on the assertion of the '209 Patent.

2. Defendant was engaged, *inter alia,* in the sale of the product AgriWrap, accused by Plaintiff of infringing the '209 Patent.

3. The terms in the Settlement Agreement of the parties are hereby expressly incorporated herein and the Settlement Agreement is attached hereto as Exhibit 1.

4. Based on the foregoing, this action is hereby DISMISSED without prejudice.

5. Each party to this action shall bear its own costs and attorney fees incurred in connection with this action.

By: /s/ *Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff Tama Plastic Industry*

By: /s/ *Richard Horwitz*

Richard Horwitz (#2246)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com

*Attorneys for Defendant L.P. Brown Company, Inc.*

SO ORDERED this 19th day of March, 2015.

_____
United States District Judge

2

## EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is by and between Tama Plastic Industry ('Tama"), a partnership registered in the State of Israel having its place of business at Kibbutz Mishmar Ha'Emek 19236 Israel; and L.P. Brown Company, Inc. ("Brownco"), a Delaware corporation with its principal place of business at 6060 Primacy Parkway, Suite 454, Memphis Tennessee 38119-5770.

## WITNESSETH

WHEREAS, Tama filed a lawsuit in the United States District Court for the District of Delaware, Civil Action No. 14-769-RGA on June 17, 2014 ("the Civil Action"), but did not serve the Complaint on Brownco until October 8, 2014 by agreement of the parties, to enable them to communicate in confidence regarding the patent infringement dispute, with the objective of resolving it. The parties did conduct said confidential communications and agreed such communications would not be admissible as evidence in the Civil Action or any other action or proceeding. Following stipulated extensions of time to answer the Complaint, again with the intention of resolving the dispute, Brownco served its Answer on December 30, 2014.

WHEREAS, in its Answer, in paragraph 13, Brownco stated: "BROWNCO avers that although it previously manufactured and sold a small quantity of the accused product [AgriWrap] (mainly for testing purposes), it is no longer making or selling that product..."

3

NOW, THEREFORE, in consideration of the mutual promises herein contained, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Brownco hereby confirms the present accuracy of the above-quoted statement from paragraph 13 of its Answer to the Complaint.

2. Brownco acknowledges that in its Answer in the Civil Action, it did not deny the *in personam* jurisdiction or venue of the United States District Court for the District of Delaware.

3. Tama agrees not to seek damages for the past manufacture and sale of the product accused of infringement in the Civil Action (AgriWrap, the "Accused Product") unless Brownco markets in the future a product which Tama asserts to infringe U.S. Patent No. 6,787,209 ("the '209 Patent") and/or U.S. Patent No. 7,541,080 (collectively, "the Tama Patents"). The parties agree to seek the entry of a Consent Judgment dismissing the Civil Action without prejudice, with each party to bear its own costs and attorney fees, with this Agreement as an exhibit.

4. Brownco agrees that, at least 30 days prior to any resumption of Brownco's distribution of the Accused Product or distribution of any cotton wrapping product containing the Z-lock feature disclosed in the '209 Patent (the "Subject Product"), Brownco shall give written notice to Tama of such intended distribution (the "Noticed Product") and provide Tama with a sample of the Noticed Product sufficient for Tama to evaluate or test whether it infringes the Tama Patents.

5. If Tama chooses to re-file the Civil Action or file a new civil action which includes a claim that a Subject Product or the Noticed Product infringes one or both of the Tama

4

Patents (whether or not joined with another claim or claims), and Tama chooses the United States District Court for the District of Delaware as the venue for such filing (the "New Action"), then Brownco hereby consents to the jurisdiction of, and consents to Tama bringing such new action in, that Court. Brownco will not deny the personal jurisdiction or venue of that Court in the New Action. Moreover, Brownco (a) will not take any action to interfere with Tama's selection of that Court as the forum in which to file the New Action, such as the filing by Brownco of a civil action against Tama seeking a declaratory judgment that the Subject Product or Noticed Product does not infringe either or both of the Tama Patents and/or that either or both of the Tama Patents are invalid, and (b) will not take any action, or provide any assistance to support the filing of any proceeding in the United States Patent & Trademark Office asserting the unpatentability or invalidity of any claims in either of the Tama Patents during the period of time between the dismissal of the present Civil Action and the filing of a New Action. Moreover, Brownco will not assert in the New Action any time-based defense (such as laches) with respect to the period of time between the dismissal of the present Civil Action without prejudice and the filing of the New Action.

6. If Tama makes or causes the making of statements either directly or indirectly to customers or potential customers of Brownco that a Noticed Product infringes either or both of the Tama Patents, before Tama files a New Action, where Brownco complied with the written notice and sample requirements of Paragraph 4 hereof with respect to the said Noticed Product, then nothing in this Agreement shall prevent Brownco from initiating any lawful action to redress Tama's said statements.

7. This Settlement Agreement constitutes the entire agreement between the parties concerning the subject matter hereof and shall inure to the benefit of and be binding upon the

5

parties hereto and their respective successors and assigns. No modification, change, or waiver of any of the provisions hereof shall be valid unless in writing and signed by the party against whom enforcement thereof is sought.

8. The parties agree to present this Settlement Agreement to the Court as an attachment to, and with its terms incorporated in the Final Judgment of dismissal without prejudice offered to the Court for entry in the present Civil Action.

9. Except as expressly provided in this Settlement Agreement, it is not a release or waiver of any claim or defense, or an admission by either party that any claim or defense asserted by the other party is either valid or invalid.

10. This Agreement shall have a duration of five years from its execution, after which it will automatically terminate unless extended by mutual agreement of the parties; except that if Brownco undergoes a Change of Control (as defined below) while this Agreement is in force, and if Tama is given written notice thereof within thirty (30) days of said Change of Control, then its duration shall be four years from execution of this Agreement. The term "Change of Control" in the preceding sentence shall mean a verifiable transaction or series of related transactions involving a third party, previously unrelated to Brownco, where said third party merges with, acquires or consolidates Brownco to effectively purchase, receive or otherwise obtain greater than fifty percent (50%) of all of Brownco's assets or greater than fifty percent (50%) of the voting stock of Brownco.

IN WITNESS WHEREOF, the parties have duly executed this Settlement Agreement as of the dates written below.

Dated: _March 8, 2015_

TAMA PLASTIC INDUSTRY
By: _/s/_
Name: _Dori Ivzori_
Title: _Managing Director_

Dated: _March 18, 2015_

L.P. BROWN COMPANY, INC.
By: _/s/ Charles C Jackson_
Name: _CHARLES L JACKSON_
Title: _CEO_

7